UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANITA R. WILSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-512 CAS |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

From the complaint it would appear this suit involves loans taken out on three residential properties located at: 480 Speyer Place, Saint Charles, MO 63303; 4127 Juniata, Saint Louis, MO 63116; and 4100 Wyoming, Saint Louis, MO 63116. Plaintiffs Anita R. Wilson and Alexis Wilson, have filed a three-count complaint against defendants Bank of America Corporation, N.A. ("Bank of America"), Brian T. Moynihan, Neil A. Cotty, and Barbara J. Desoer[1] with respect to these three properties. Plaintiffs, who are proceeding pro so, allege fraud in the inducement, fraud in fact, and material misrepresentation. Plaintiffs may also be attempting to bring claims under 42 U.S.C. §1983, and various other federal statutes. For relief, plaintiffs ask the Court to discharge all of their mortgage debt, release all of the liens and deeds on the properties, and remove all negative items from all major credit bureaus. Plaintiffs also demand $367,000.00 in punitive damages.

---

[1] Plaintiffs also filed suit against Andres Gluski, but were unable to obtain service on him. Defendant Gluski was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) on September 21, 2010. See Doc. 16.

In response to plaintiffs' complaint, defendants filed a motion to dismiss. Defendants argue plaintiffs' complaint is devoid of the necessary facts required to support their claims, and that it merely contains general conclusions, legal allegations, and inflammatory statements. Defendants also argue that the complaint is plead in such a manner that they are unable to understand what plaintiffs' claims are or the grounds upon which their claims rest.

## **LEGAL STANDARD**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

Claims of fraud have a heightened pleading standard. The Federal Rules of Civil Procedure require a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). See also Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain "a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Id. Thus, a plaintiff must plead "'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" Id. (quoting Bennett v. Burg, 685 F.2d 1053, 1062 (8th Cir. 1982), adhered to on reh'g 710 F.2d 1361 (8th Cir.) (en banc)). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property v. Quality Inns, 61 F.3d 639, 644 (8th Cir. 1995)." See also Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, (8th Cir. 2002).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In addition, the Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94. (quoted case omitted). However, this standard does not excuse pro se complaints from "alleg[ing] sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir.2004).

See also Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir.1995) (holding that pro se complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability").

**DISCUSSION**

Plaintiffs prepared their complaint on what appears to be the Eastern District of Missouri's form complaint for pro se plaintiffs. In section IV of the form complaint, which asks that the plaintiffs provide a statement of their claims, plaintiffs wrote "See attached Brief Support of Plaintiff Initial Title 42 Lawsuit pages 1-6." See Doc. 1 at 3. In their brief in support,[2] which was attached to the complaint and the Court construes as part of the complaint, plaintiffs state that "[t]his is a case of predatory lending and possible fraud." See Doc. 1, Ex. 4 at 1. Without stating specifically who, they allege "plaintiff and defendant participated in contract and commercial activity in respect to a Negotiable Instrument Note." Id. at 1. According to plaintiffs, however, "Bank of America is not the holder of a note on [the] property . . ." and therefore there is "no obligation of debt . . ." because the "instrument/obligation became voidable when Bank of America Corporation participated in fraudulent and illegal activity violating the rules of law under which the note is expressly governed and also violated their duty as officers sworn statutorily to act within the parameters of the National Bank Act and other applicable statues." Id. at 1-2. According to plaintiffs, Bank of America "converted the note into a draft by endorsement by one of their authorized representative without

---

[2]In addition to a brief in support, plaintiffs attached to their complaint numerous documents related to the properties and mortgages at issue, as well as notices and correspondence with and to Bank of America. Plaintiffs also attached excepts from the "National Bank Act" as well as a document entitled "Case Law in All Circuits and the Supreme Court of the United States Supporting Use of Statutes at Large as Superior to Title 12 U.SC. Banks and Banking."

the knowledge or consent of Anita R. Wilson," thereby altering Ms. Wilson's "capacity as the debtor to a surety on the contract which was not originally disclosed." Id. at 2. Plaintiffs further allege "Bank of America Corporation and Associates" concealed the fact that they are trading unregistered securities in Ms. Wilson's name without her consent "through deceptive business practices and non-disclosure [ ] at closing of [the] investment scheme which qualifies for rescinding the contract." Id. Plaintiffs also allege Bank of America "destroyed the promissory note" which "destroyed the trust property which now renders the security deed terminated for unlawful purposes" and therefore there is no valid contract between Ms. Wilson and Bank of America. Id. According to plaintiffs, however, "Bank of America Corporation and Associates have made numerous claims through their actions to enforce a nonexistent security interest in a non-negotiable instrument that they have materially changed and converted into an investment security after securitization and converting Anita R. Wilson into the surety." Id. Plaintiffs claim "Bank of America Corporation and Associates are not lenders . . . , but they are pooling and servicing companies as well as loan sellers," and they are "selling the payments they have induced the plaintiff by fraud to pay as a debtor as the cash flow payments to [ ] investors who have purchases [ ]future payments as investments." Id. at 3. Plaintiffs claim defendants conduct is in "direct violation" of Securities and Exchange Commission law.

Although plaintiffs reference numerous federal statutes in their complaint, including 42 U.S.C. § 1983, plaintiffs bring three specific counts against defendants. Plaintiffs bring one count of "fraud in the inducement" against "Bank of America Corporation," and two counts against "Bank of America Corporation and Associates" for "fraud in fact" and "material misrepresentation." Id. at 3. In their motion, defendants move to dismiss all claims against them.

## I.      Plaintiffs' Fraud Claims

As stated above, under the Federal Rules of Civil Procedure, fraud claims must be pleaded with particularity. To state a proper fraud claim, a complaint must allege "such matters as the time, place, and contents of [the] false representations, as well as the identity of the person making the misrepresentation and what was obtained or give up thereby." Drobnak v. Anderson Corp., 561 F.3d 778, 783 (8th Cir. 2009). Furthermore, plaintiffs must have suffered proximate and subsequent damages as a result of relying on the misrepresentation. Pony Computer, Inc. v. Equus Computer Sys of Mo., Inc., 162 F.3d 991, 998 (8th Cir. 1998) (citing Missouri ex rel. PaineWebber, Inc. v. Voorhees, 891 S.W.2d 126, 128 (Mo. 1995) (en banc)). The Court finds that the complaint at issue does not contain coherent facts or legal claims that would entitle plaintiffs to relief on their various fraud claims. Plaintiffs make general allegations that the defendants engaged in fraudulent and illegal activities, but these general allegations do not meet the required pleading standard under Federal Rule of Civil Procedure Rule 9(b).

Plaintiffs do make more specific allegations against Bank of America and "associates," but these allegations are very muddled and do not provide the necessary information to sustain plaintiffs' fraud claims. Plaintiffs allege an authorized representative Bank of America, who plaintiffs do not identify, converted by endorsement an unspecified note into a so-called draft without the plaintiffs' knowledge or consent. They also allege Bank of America destroyed a unspecified promissory note and illegally "securitized' an unspecified loan. Although the complaint contains many allegations, plaintiff do not articulate exactly who, what, when, or how the fraud occurred. The Court is unclear as to what are the alleged misrepresentations defendants supposedly made, who made the misrepresentations, and how these plaintiff relied on a misrepresentation to

their detriment. What is more, even if the Court were to set aside that fact that plaintiffs provide no specifics as to how the fraud occurred, and the Court were to accept plaintiffs' contention that defendants' conduct amount to some sort of fraud, plaintiffs fraud claims fail because they have alleged no damages. From the exhibits it would seem that plaintiffs received loan money from Bank of America for the properties at issue, and as of January 2010 they were making payments on at least some of the loans.

In short, plaintiffs' complaint contains numerous jumbled legal allegations, but there are no alleged facts which, if accepted as true, establish a claim of fraud against the defendants. Furthermore, plaintiffs' response in opposition to defendants' motion to dismiss fails to shed any light on the nature of plaintiffs' claims. Plaintiffs' fail to state a claim of fraud.

## II. Plaintiffs' Statutory Claims

Although plaintiffs do not bring a specific count under a statutory provision, they do reference numerous federal statutes in their complaint. Because the plaintiffs are proceeding pro se, the Court will examine possible claims plaintiffs may be asserting under the statutes they reference. **A. 42 U.S.C. § 1983**

In the opening of their brief in support, which the Court construes as part of the complaint, plaintiffs quote the language of 42 U.S.C. § 1983. Any claim that this case falls under § 1983, however, must fail because defendants are not state actors. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Plaintiffs' complaint contains no allegation that defendants were state actors,

or acted under color of state law as "willful participant[s] in joint action with the State or its agents." DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir.1999) (internal quotations and citation omitted). Any claim plaintiffs might be asserting under 42 U.S.C. § 1983 must be dismissed.

### B. National Bank Act

While the exact nature of the allegations is unclear, plaintiff appear to be alleging that defendants violated the National Bank Act, 12 U.S.C. §§ 1, et seq. Banking is a highly regulated industry, and the National Banking Act and its corresponding regulations contain numerous provisions with which banks must comply. The Court is uncertain which section of the National Bank Act plaintiffs contend defendants have violated. In plaintiffs' response memorandum plaintiffs do provide a clue to their claim. The argue that a mortgage term over five years is illegal under the National Bank Act. Section 29 of the National Bank Act provides that "no such [national banking] association shall hold the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a longer period than five years." 12 U.S.C. § 29. This provision is inapplicable to the case at hand. There is no indication from the complaint or attached documents that defendants possess any of plaintiffs' properties. Furthermore, thirty-year mortgages are common in the lending industry, and the Court believes plaintiffs misunderstand the import of this provision. Finding plaintiffs have stated no violations, any claims plaintiffs are attempting to make under the National Bank Act are dismissed.

### C. Fair Debt Collection Practices Act

Plaintiffs also reference in their complaint the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. "The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive

disadvantage." Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (citing 15 U.S.C. § 1692(e), Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir.2002)). Under the FDCPA, debt collectors cannot use false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt. Peters, 277 F.3d at 1054 (8th Cir.2002) (citing 15 U.S.C. §§ 1692e, 1692f). The FDCPA, however, is inapplicable to the case at hand because there is nothing that would indicate that defendants are debt collectors under the FDCPA.

Under the FDCPA, a debt collector is defined as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA limits this definition, however. Among other limitations, "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). It also does not include the following: "any person while acting as a debt collector, for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C. § 1692a(6)(B). Finally, it does not include "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person. . . ." 15 U.S.C. § 1692a(6)(F). It is clear under these limitation that an entity attempting to collect its own debt is not a "debt collector" under the FDCPA. There is nothing in the complaint or attached documents that would indicate that defendants are debt collectors under the meaning of the FDCPA, and any claim under the FDCPA must be dismissed.

### D. Truth in Lending Act

In their complaint, plaintiffs also reference the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA"). The exact nature of their allegations under the TILA are again unclear. "Congress enacted TILA in 1968 to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 53-54 (2004) (quoting 15 U.S.C. § 1601(a)). The TILA "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights, and it prescribes civil liability for any creditor who fails to do so." Koons Buick, 543 U.S. 54. To state a claim under TILA plaintiffs must show that they did not receive required written disclosures or that the disclosures were not clear and conspicuous. The Court has carefully reviewed plaintiffs' complaint and finds plaintiffs have not alleged that any of the defendants failed to disclose information required under the TILA. As a result, plaintiffs have failed to state a claim under the TILA upon which relief can be granted.

### E. Securities Violations

Finally, plaintiffs allege in their complaint that defendants have committed securities fraud. The Security Exchange Acts, 15 U.S.C., §§ 77a, et seq., and their corresponding regulations cover a wide array of conduct. Plaintiffs do not indicate under which statutory or regulatory provision(s) they are bringing their securities claim, if any. The Court notes, however, that for the most part remedies for securities fraud are limited to the purchasers or sellers of securities. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 735-36 (1975). Here, plaintiffs do not allege that they purchased or sold securities. Plaintiffs' securities fraud claims must therefore be dismissed, not only

because they fail to allege the basis for any such claim, but also because they lack standing, as plaintiffs have not alleged that they bought or sold any securities. Furthermore, as stated above, there are no alleged damages stemming from the so-called securitization of plaintiffs' loans, and they have not pointed to an applicable penalty provision. Plaintiffs' complaint fails to allege any securities violations.

## CONCLUSION

Plaintiffs' complaint, which contains few specific facts and is essentially an incoherent recitation of legal allegations, fails to state a claim against any of the defendants. The Court finds plaintiffs have failed to state a claim of fraud or for any statutory violation. Defendants' motion is granted and the case will be dismissed with prejudice. In their complaint, plaintiffs also make motions to compel discovery, to produce documents and for a jury trial. In light of the dismissal, these motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. 9] is **GRANTED**, and plaintiffs' complaint is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel discovery, motion to produce documents, and motion for a jury trial are **DENIED** as moot.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this    27th    day of September, 2010.